IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **TELCO GROUP, INC.,** | ) | |
| | ) | **8:05CV387** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| **AMERITRADE, INC., et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

Currently pending before the court is plaintiff's class action complaint. Before the court will make any determination as to whether or not certification of a class is proper, the court will require the parties to present evidence at a certification hearing, following which the undersigned magistrate judge shall issue a report and recommendation to Chief Judge Bataillon. In advance of and in preparation for the certification hearing the court will also require specific information from the parties, set out below.

**IT IS ORDERED:**

1. **By November 21, 2005,** the plaintiff will file and serve a detailed statement identifying the class(es) and subclass(es) for which certification is sought, detailing the facts upon which satisfaction of the requirements of Fed. R. Civ. P. 23(a) is asserted, including but not limited to:

   a. statements of class numerosity beyond mere speculation; the geographic location of the class members; statements of numerosity of all subclasses beyond mere speculation; the geographic location of the subclass members; and a statement of the notice plaintiff would give the class and subclass members and the method for achieving such notice;

   b. an analysis of commonality of questions of law or fact; and statements of whether the claims of the class members are within the periphery of the claims raised by the named plaintiff;

   c. an analysis of typicality of claims between the class representative and class members; statements demonstrating similarities of grievances between the class

representative and class members; and an analysis of similarity of legal theories despite any factual differences among class members' claims and the claims of the class representative;

    d. an analysis of the adequacy of the class representative and adequacy of counsel for the representative to represent the interests of the class members; an analysis of whether the interests of the named representative is co-extensive with the interests of the other members of the class; and an analysis of whether the interests of the representative is antagonistic in any way to the interests they represent.

  2. The plaintiff shall also state the facts upon which satisfaction of Fed. R. Civ. P. 23(b) is asserted, including but not limited to an analysis of which subdivision of Rule 23(b) is most appropriate for certification of the proposed class; an analysis of whether dividing the class into subclasses of those seeking injunctive, declaratory, and monetary relief is appropriate; and statements of the proposed notice plaintiff would give to the class members should the court find certain class members should be given the opportunity to opt out of the class and when such opt out election should be made.

  3. **On or before December 27, 2005**, the defendants will file and serve any objections to class certification specifying with particularity the factual and legal basis of the objections and identifying any facts in which an evidentiary dispute exists.

  4. **On or before January 16, 2006**, the plaintiff may file and serve any reply to the defendants' objections.

  5. **On January 27, 2006, at 1:30 p.m.**, an evidentiary hearing will be held before the undersigned United States Magistrate Judge in Courtroom No. 7, Second Floor, Roman L. Hruska United States Courthouse, 111 South 18th Plaza, Omaha, Nebraska. to consider all questions coming within the class action issues under Fed. R. Civ. P. 23(a) and (b). At the hearing to be conducted on January 27, 2005, the parties may present extracts of depositions, interrogatories, and documentary evidence relevant to any factual dispute, and only upon a showing of good cause will a party be permitted to call a witness to testify in person at the hearing.

  DATED this 19th day of October, 2005.

                BY THE COURT:

                 s/Thomas D. Thalken
                United States Magistrate Judge