## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| **TELCO GROUP, INC.**, individually and on behalf of all persons similarly situated, | 8:05CV387 |
| Plaintiff, | **CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER** |
| v. | |
| **AMERITRADE, INC., ADVANCED CLEARING, INC., and AMERITRADE HOLDING CORPORATION,** | |
| Defendants. | |

WHEREAS, the parties to this action possess information they believe needs to be protected from unlimited, improper, or unwarranted disclosure, use, and dissemination, which information has been or may be requested in this action.

**IT IS HEREBY AGREED and ORDERED that:**

1. All "Confidential Information" and "Attorneys' Eyes Only Information" is subject to the terms of this Protective Order and may be used or disclosed only as described herein, except as otherwise ordered by the Court. Such information may take the form of, but is not limited to, (a) papers, tapes, documents, disks, diskettes, and other tangible things produced by any party or obtained in connection with this litigation; (b) discovery requests, discovery responses, written transcripts and audio or video recordings of depositions, and deposition exhibits in this litigation; and (c) copies, abstracts, extracts, databases, and complete or partial summaries containing or reflecting information obtained from such materials.

2. As used herein, "Confidential Information" shall mean information designated or deemed "Confidential" under this Order. Material may be designated Confidential if the Designating Party in good faith believes that disclosure of such material in this case without such designation may present a risk of injury to its legitimate interests or any other legitimate interest. Confidential Information includes: customer information; proprietary

information; trade secrets; materials reflecting, referring to, or evidencing any information deemed confidential by any local, state, or federal statute, ordinance, regulation, or other law; business plans and forecasts; business methods or practices; and private, non-public, or sensitive commercial, financial, personnel, or personal information which presents such risk.

3.  As used herein, "Attorneys' Eyes Only Information" shall mean information designated or deemed "Attorneys' Eyes Only" under this order.  Material may be designated Attorneys' Eyes Only if the Designating Party in good faith believes that any disclosure of such material to another party or non-parties would pose a significant risk of substantial injury to its interests.  Attorneys' Eyes Only Information may include: customer information; proprietary information; trade secrets; business plans and forecasts; business methods or practices; confidential communications with regulatory agencies or organizations; and private, non-public, or sensitive commercial, financial, personnel, or personal information which presents such risk.

4.  As used herein, "Designating Party" refers to a party or non-party to this action who designates material as Confidential or Attorneys' Eyes Only.  "Disclosing Party" refers to a party or non-party to this action who produces or serves material.  "Receiving Party" refers to a party who receives material.

5.  A Disclosing Party may designate material it produces or serves as Confidential by placing or affixing on the material, in a manner that does not interfere with its legibility, the words "CONFIDENTIAL" and "SUBJECT TO PROTECTIVE ORDER."  Any other party may designate material produced or served in this action as Confidential, if the material reflects information obtained from the Designating Party and meets the requirements for designation stated in paragraph 2 of this order, by so notifying the Disclosing Party and all parties to the litigation by letter.  In order to provide an adequate opportunity for a party other than the Disclosing Party to designate material as Confidential, all material produced or served in this case shall be deemed Confidential, whether or not so designated, until 15 days after production or service, unless the Disclosing Party does not designate the material and all Receiving Parties waive their right to designate the material.  If a party other than the Disclosing Party designates material as Confidential,

then the Designating Party shall, at its sole expense, promptly arrange for re-production of the materials so designated and those materials shall bear the legend "Designated Confidential by [Designating Party]" and any Bates number on such documents shall be numbered "[Bates number originally given] D." Upon such re-production, any party may challenge the Confidential designation in the manner provided in paragraph 13.

6. With respect to oral testimony, any party may designate all or part of the testimony of any witness as Confidential Information by any of the following means:

    (a) During the deposition or hearing, a party may orally designate all or a portion of the testimony as Confidential. The reporter shall make a notation in the record marking the beginning and ending of all testimony so designated as Confidential.

    (b) Alternatively, within 15 days after the court reporter serves a copy of the transcript of a deposition or hearing, a party may identify all or part of the transcribed testimony as Confidential by notifying all parties to the litigation by letter of the specific pages and lines of the transcript that constitute or contain Confidential Information. Until 15 days after the court reporter serves a copy of the transcript of a deposition or hearing, the transcript and the substance of the testimony reflected in the transcript shall be deemed Confidential under the terms of this Protective Order, unless all Receiving Parties waive their right to designate the material.

7. The parties, counsel for the parties, and any non-party to whom Confidential Information is disclosed under the terms of this Protective Order shall keep Confidential Information confidential and shall in no way disclose any Confidential Information to any party or non-party, save and except to the following "Qualified Persons":

    (a) Counsel for the respective parties, including in-house counsel, and employees of such counsel whose functions for the purposes of prosecuting or defending this action require access to such Confidential Information;

(b) Outside experts or consultants retained by a party or its counsel whose advice and consultation are being or will be used by such party in connection with this action, provided the expert or consultant has agreed in writing, by signing a Declaration in the form attached hereto as Exhibit A, to be bound by this Protective Order;

(c) Any party and any officer or employee of a party, to the extent deemed necessary by counsel for that party, for the prosecution or defense of this action;

(d) A witness or potential witness competent to testify in this action on matters relating to the Confidential Information, provided the witness has agreed in writing, by signing a Declaration in the form attached hereto as Exhibit A, to be bound by this Protective Order;

(e) The Court and any person employed by it to work on this action;

(f) Any court reporter or videographer employed by one of the parties to this Protective Order for the purpose of recording depositions; and

(g) Employees of document copying, storing, or handling services, provided the firm supplying any such services has agreed in writing, by signing a Declaration in the form attached hereto as Exhibit A, to be bound by this Protective Order.

8. A Disclosing Party may designate material it produces or serves as Attorneys' Eyes Only by placing or affixing on the material, in a manner that does not interfere with its legibility, the words "ATTORNEYS' EYES ONLY."

9. With respect to oral testimony, any party or non-party may designate all or part of the testimony of any witness as Attorneys' Eyes Only Information by stating that designation on the record during the deposition or hearing.

10. Counsel for the parties and any other person to whom Attorneys' Eyes Only Information is disclosed under the terms of this Protective Order shall keep Attorneys' Eyes Only Information confidential and shall in no way disclose any Attorneys' Eyes Only Information to any party or non-party, save and except to the following "Attorneys' Eyes Only Qualified Persons":

    (a) Counsel for the respective parties and employees of such counsel whose functions for the purposes of prosecuting or defending this action require access to the Attorneys' Eyes Only Information;

    (b) Outside experts or consultants retained by a party or its counsel whose advice and consultation are being or will be used by such party in connection this action, provided the expert or consultant has agreed in writing, by signing a Declaration in the form attached hereto as Exhibit A, to be bound by this Protective Order;

    (c) A witness or potential witness competent to testify in this action on matters relating to the Attorneys' Eyes Only Information, provided the parties agree to allow disclosure to the witness and the witness has agreed in writing, by signing a Declaration in the form attached hereto as Exhibit A, to be bound by this Protective Order;

    (d) The Court and any person employed by it to work on this action;

    (e) Any court reporter or videographer employed by one of the parties to this Protective Order for the purpose of recording depositions; and

    (f) Employees of document copying, storing, or handling services, provided the firm supplying any such services has agreed in writing, by signing a Declaration in the form attached hereto as Exhibit A, to be bound by this Protective Order.

11. The protections of this Protective Order shall not apply to material that, prior to disclosure in this action, was publicly available or otherwise not confidential, provided that the material did not become publicly available or non-confidential through an act or omission of a Receiving Party. Any party or non-party who claims that the material was publicly available or otherwise not confidential prior to disclosure in this action shall have the burden of proving that fact.

12. Confidential Information or Attorneys' Eyes Only Information under this Protective Order shall not be made public by any Receiving Party or be used for any purpose other than in the litigation of this action.

13. The acceptance by any Receiving Party of materials designated Confidential or Attorneys' Eyes Only shall not constitute an admission or concession, or permit an inference, that the materials so designated are, in fact, Confidential Information or Attorneys' Eyes Only Information. If a party wishes to remove the Confidential or Attorneys' Eyes Only designation given any material under this Protective Order, that party must give written notice thereof to the Designating Party and all parties to this action and meet and confer with the Designating Party and any other interested parties about the subject material. If the parties cannot come to an agreement, the Designating Party or any other party that desires to maintain the designation given the subject material must file, within 7 days of the meet and confer, a motion to keep the material designated Confidential or Attorneys' Eyes Only. If no motion is filed, the designation given the subject material shall be removed.

14. If a party or non-party wishes to file with or otherwise submit to the Court material that contains or would disclose Confidential Information or Attorneys' Eyes Only Information, the materials shall be filed under seal in the manner specified by NECivR 7.5(d). If a party wishes to have the Court unseal material filed under seal, that party must give written notice thereof to the Designating Party and all parties to this action and meet and confer with the Designating Party and any other interested party about the subject material. If the parties cannot come to an agreement, the Designating Party or any other party that desires to maintain the subject material under seal must file, within 7 days

of the meet and confer, a motion to keep the material under seal.  If no motion is filed, the subject material shall be unsealed.

15.	If a party or non-party wishes to reveal Confidential Information or Attorneys' Eyes Only Information in open court pre-trial proceedings, advance notice shall be given to the Designating Party and all parties to this action.  Such notice shall be given sufficiently in advance so that there is time and opportunity for interested parties to object to the disclosure, to ask that the courtroom be cleared of spectators, and/or to ask that the hearing be conducted in chambers.

16.	This Protective Order shall not prevent any party from applying to the Court for relief therefrom, or from applying to the Court for further or additional protective orders.

17.	Nothing in this Protective Order, nor the production of anything by any party or non-party in this action, shall be deemed a waiver of any privilege with respect thereto in any other action or proceeding, a waiver of any privilege applicable to any material other than the specific material produced in this action, or a waiver of the right of any party to this action to oppose production of any material.  In the event of an inadvertent disclosure of any Confidential Information or Attorneys' Eyes Only Information, all parties reserve all rights that they may have with respect to such information.

18.	Within 30 days of the resolution of this action, each Receiving Party shall return to the Disclosing Party or destroy all Confidential Information or Attorneys' Eyes Only Information in its possession and certify in writing to the Disclosing Parties that it has returned or destroyed all such material.

19.	Wherever the provisions of this Protective Order require or permit notice to be given, notice shall be given as follows:

    (a)	To Plaintiff Telco Group, Inc., to its Counsel:

        Max Folkenflik
        FOLKENFLIK & McGERITY
        1500 Broadway
        New York, NY 10036
        Fax:  (212) 757-2010
        e-mail:  max@fmlaw.net

  (b)  To Defendants Ameritrade, Inc., Advanced Clearing, Inc., and Ameritrade Holding Corporation, to their Counsel:

    Robert J. Kriss
    MAYER, BROWN, ROWE & MAW, LLP
    71 South Wacker Drive
    Chicago, IL 60606
    Fax: (312) 706-8646
    e-mail: rkriss@mayerbrownrowe.com

Substitutions for the designated recipient of notice may be made upon notice to all parties to this Protective Order.

  20. The terms of this Protective Order shall survive, and remain in full force and effect after, the termination of this action.

  DATED this 20th day of December, 2005.

              BY THE COURT:

              s/Thomas D. Thalken
              United States Magistrate Judge

| | |
|---|---|
| Dated:  12/18/05 | Dated:  12/15/05 |
| FOLKENFLIK & McGERITY | MAYER, BROWN, ROWE & MAW, LLP |
| /s/ Max Folkenflik<br>Attorney for Plaintiff Telco Group, Inc. | /s/ Robert J. Kriss<br>Attorney for Defendants Ameritrade, Inc., Advanced Clearing, Inc., and Ameritrade Holding Corporation |
| Max Folkenflik<br>FOLKENFLIK & McGERITY<br>1500 Broadway<br>New York, NY 10036 | Robert J. Kriss<br>MAYER, BROWN, ROWE & MAW, LLP<br>71 South Wacker Drive<br>Chicago, IL 60606 |

**EXHIBIT A**

DECLARATION

      I, _____, hereby certify and declare as follows:

      1.    My address is _____. My present employer is _____ and the address of my present employment is _____. My present occupation is _____.

      2.    I have received a copy of the Protective Order in this litigation. I have carefully read and understand its provisions. I will comply with all of the provisions of the Protective Order. I will return all "Confidential Information" and "Attorneys' Eyes Only Information" that comes into my possession, and all documents and things that I have prepared relating thereto, to counsel from whom I received such material. I hereby submit to the jurisdiction of the United States District Court for the District of Nebraska for the purpose of enforcement of the Protective Order.

      3.    I declare under penalty of perjury that the foregoing is true and correct.

Executed:   _____   _____
                          Declarant                              Date