# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **TELCO GROUP INC.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **8:05CV387** |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| **AMERITRADE, INC.,** | ) | |
| **ADVANCED CLEARING INC. and** | ) | |
| **AMERITRADE HOLDING CORP.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

This matter is before the court on the plaintiff's Motion to Compel Production of Documents (Filing No. 38). The plaintiff filed a brief and evidence appended to the motion. The defendants filed a brief (Filing No. 40) in opposition to the motion. The plaintiff filed a reply brief (Filing No. 41) with exhibits attached.[1]

## BACKGROUND

The plaintiff filed this lawsuit as a class action on behalf of all present and former customers of the defendants with an Ameritrade account from April 1, 2000, to the date of judgment. **See** Filing No. 1. The plaintiff alleges the defendant, an internet-based brokerage firm, caused losses to the proposed class members when the defendants unreasonably delayed trade executions, failed to execute trades at the best price available under the circumstances (known in the industry as the "best execution"), failed to process cancellation orders and froze customer account funds. *Id.* ¶¶ 1, 23. The plaintiff anticipates there are thousands of class members, but contends the number may only be ascertained through discovery. *Id.* ¶ 24. The plaintiff alleges its claims are typical of the class. The plaintiff became an Ameritrade customer in 2003. *Id.* ¶ 33. Also, the plaintiff made a series of online trades in January 2004, which had much longer than anticipated execution time, i.e., from one minute to over one hour. *Id.* ¶ 35. The plaintiff specifically

---

[1] Counsel are reminded any brief and index of evidence shall be filed separately from the motion. **See** NECivR 7.1 (a)(1) and (a)(2)(B).

describes three trades made on January 7, 2004, January 8, 2004 and January 9, 2004, but states the plaintiff made other trades in which the defendants failed to fulfill their duty. *Id.* ¶¶ 37-41. The plaintiff alleges that when it determined the described trades were taking "much too long to process," the plaintiff placed cancellation orders to mitigate its damages. *Id.* ¶ 42. However, the defendants failed to honor those orders which prevented the plaintiff from using its account funds to conduct other transactions. *Id.* Based on these allegations, the plaintiff asserts claims for breach of contract; violations of the Nebraska Consumer Protection Act, Neb. Rev. Stat. § 59-1602; common law best execution; negligence; and breach of fiduciary duty.

On October 28, 2005, the plaintiff served the defendants with requests for production of documents. **See** Filing No. 38, Exhibit A. The plaintiff sought discovery related to the plaintiff's Ameritrade account, and generally to the policies and practices of the defendants with regard to best execution, cancellation orders and execution delays. On November 18, 2005, the defendants served their response to the plaintiff's discovery requests. **See** Filing No. 38, Exhibit F. The defendants produced discovery related to the plaintiff's Ameritrade account and other information limited to the three trades specifically described in the complaint. However, the defendants object to providing discovery about customers other than the plaintiff, based on relevance, undue burden and privacy issues. The plaintiff seeks an order compelling the defendants to provide the documents requested to assist the plaintiff in preparing a motion for class certification. On that basis, the plaintiff requests an extension until twenty days after production to file its motion for class certification.

## ANALYSIS

The parties agree discovery should be limited to that which is necessary to address the class certification issue. The plaintiff characterizes the parties' discovery dispute as whether the defendants can limit discovery on class certification issues to matters which directly relate to three specific trades described in the complaint. Relevant to the discovery dispute, on October 19, 2005, the court entered an order describing the information needed from the plaintiff regarding the class(es) for which certification would be sought. **See** Filing No. 28. The order requires detail of the facts to support certification under Federal Rule

of Civil Procedure 23 "beyond mere speculation." *Id.* Based on this condition, the plaintiff contends the sought discovery is necessary to make the requisite showing. The plaintiff states that "based on the conduct of Defendants observed in connection with the execution of Plaintiff's trades . . . Plaintiff has a good faith basis to believe that the execution failures . . . were a result of systemic failures by Ameritrade, either as a result of improperly designed or executed procedures, or as a result of computer equipment failure or other like defects." **See** Filing No. 38, Brief at p. 3.

The defendants argue no additional discovery, beyond that related to the plaintiff's three trades, is necessary before the issue of class certification is decided. Specifically, the defendants contend the three transactions listed in the complaint cannot sustain a class action because the transactions are not actionable based on the theories proposed by the plaintiff and because the plaintiff cannot show commonality or typicality because the circumstances were unique to the plaintiff.

"Sometimes the issues are plain enough from the pleadings to determine whether the interests of the absent parties are fairly encompassed within the named plaintiff's claim, and sometimes it may be necessary for the court to probe behind the pleadings before coming to rest on the certification issue." ***General Telephone Co. v. Falcon***, 457 U.S. 147, 160 (1982). Unique to a discovery dispute where discovery is initially limited to a class certification issue "the plaintiff bears the burden of advancing a prima facie showing that the class action requirements of Fed. R. Civ. P. 23 are satisfied or that discovery is likely to produce substantiation of the class allegations." ***Mantolete v. Bolger***, 767 F.2d 1416, 1424 (9th Cir. 1985); ***see, e.g., Heerwagen v. Clear Channel Commc'ns***, 435 F.3d 219, 234 (2d Cir. 2006). Specifically, the plaintiff must show "that discovery measures will 'produce persuasive information substantiating the class action allegations.'" *Id.* at 1425 (**quoting *Doninger v. Pacific Northwest Bell, Inc.***, 564 F.2d 1304, 1313 (9th Cir. 1977)).

A threshold showing of relevance is necessary before production of information, which does not reasonably bear on the issues in the case, is required. ***Hofer v. Mack Trucks, Inc.***, 981 F.2d 377, 380 (8th Cir. 1993). Mere speculation that information might be useful will not suffice; litigants seeking to compel discovery must describe with a reasonable degree of specificity, the information they hope to obtain and its importance to

their case.  **See *Cervantes v. Time, Inc.***, 464 F.2d 986, 994 (8th Cir. 1972).  Once the plaintiff's burden is met, the party opposing a motion to compel has the burden of showing its objections are valid by providing specific explanations or factual support as to how each discovery request is improper.  ***St. Paul Reinsurance Co., Ltd. v. Commercial Fin. Corp.***, 198 F.R.D. 508, 511-12 (N.D. Iowa 2000) (objecting party has the burden to substantiate its objections).  Bare assertions that discovery requested is overly broad, unduly burdensome, oppressive or irrelevant are ordinarily insufficient to bar production.  ***Id.***  "The party resisting discovery must show specifically how . . . each interrogatory [or request for production] is not relevant or how each question is overly broad, burdensome or oppressive."  ***Id.*** (citations omitted).  The party resisting discovery has the burden to show facts justifying its objection by demonstrating that the time or expense involved in responding to requested discovery is unduly burdensome.  **See *Wagner v. Dryvit Sys., Inc.***, 208 F.R.D. 606, 610 (D. Neb. 2001).  This imposes an obligation to provide sufficient detail and explanation about the nature of the burden in terms of time, money and procedure required to produce the requested documents.  **See *id.***

The objection relied upon by the defendants is relevance.  "Mutual knowledge of all the relevant facts gathered by both parties is essential to proper litigation."  ***Hickman v. Taylor***, 329 U.S. 495, 507 (1947).  "To assess relevance in a given case, the court must view the matter in light of the specific claims and defenses asserted by the parties."  ***Fletcher v. Atex, Inc.***, 156 F.R.D. 45, 48 (S.D.N.Y. 1994) (citations omitted).  It is insufficient for the party objecting to discovery based on relevance to simply make conclusory allegations that the request is irrelevant.  ***Burnett v. Western Res. Inc.***, CIV. A. No. 95-2145-EEO, 1996 WL 134830, *4 (D. Kan. Mar. 21, 1996).  If the discovery sought appears relevant, the opposing party bears the burden of specifically showing how each discovery request is irrelevant.  ***Id.***  Relevancy is to be broadly construed for discovery issues and is not limited to the precise issues set out in the pleadings.  Relevancy, for purposes of discovery, has been defined by the United States Supreme Court as encompassing "any matter that could bear on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case."  ***Oppenheimer Fund, Inc. v. Sanders***, 437 U.S. 340, 351 (1978).  Discovery requests should be considered relevant if

4

there is any possibility that the information sought is relevant to any issue in the case and should ordinarily be allowed, unless it is clear that the information sought can have no possible bearing on the subject matter of the action. **See** *Marker v. Union Fidelity Life Ins. Co.*, 125 F.R.D. 121 (M.D.N.C. 1989); *Morse Diesel, Inc. v. Fidelity & Deposit Co.*, 122 F.R.D. 447 (S.D.N.Y. 1988).

Therefore,

> [a]t this stage of the case, the question is whether any of the proposed discovery is relevant to a class certification issue. As set forth in Rule 23 of the Federal Rules of Civil Procedure, the issues pertinent to class certification include the size of the putative class; the commonality of questions of law or fact to the proposed class; the typicality of the claims or defenses of the representative parties in relation to the claims or defenses of the class; the adequacy of the representative parties to protect the interests of the class; the predominance of common questions of fact and law; and the superiority of resolution by class action as compared to other methods for adjudicating the controversy.

*In re Pressure Sensitive Labelstock Antitrust Litig.*, 226 F.R.D. 492, 495 (M.D. Pa. 2005); **see also** *In re St. Jude Med., Inc.*, 425 F.3d 1116, 1119 (8th Cir. 2005) (describing requirements for class certification).

Additional considerations for managing discovery include the court's responsibility to "balance the need to promote effective case management, the need to prevent potential abuse, and the need to protect the rights of all parties." *Tracy v. Dean Witter Reynolds, Inc.*, 185 F.R.D. 303, 305 (D. Colo. 1998). Further, "[c]lass plaintiffs are not permitted to send notices to prospective members of a class if the only evidence of a class action consists of the bare allegations of the complaint, or of counsel." *Id.* (**citing** *Shushan v. Univ. of Colo.*, 132 F.R.D. 263, 268 (D. Colo. 1990); *Severtson v. Phillips Beverage Co.*, 137 F.R.D. 264, 266 (D. Minn. 1991)); **see also** Fed. R. Civ. P. 23(c)(2) (notice permitted after class certification). The court need not decide, at this stage, whether the requirements of Rule 23 have been met, but only whether the plaintiff has presented sufficient information to persuade the court it ought to be allowed to conduct discovery from the defendants without limitation to the plaintiff's Ameritrade account. "Before classwide

discovery is allowed, plaintiffs must demonstrate that 'there is some factual basis for plaintiffs' claims of classwide [ill treatment]."  *Tracy*, 185 F.R.D. at 305 (**quoting** *Severtson*, 137 F.R.D. at 267).

The court will evaluate each of the disputed requests for production "for purposes of determining its potential relevance to one or more of these class certification issues." *In re Pressure Sensitive Labelstock*, 226 F.R.D. at 495.  In the plaintiff's brief, it mentions Request for Production Nos. 1-8 and 10-19.  **See** Filing No. 38, Brief at p. 3-4.  However, the plaintiff does not argue the merits of any specific request.  Because the defendants did not object to Request for Production No. 15, it will not be addressed in this order. Additionally, the defendants objected to Request for Production No. 17, but agreed to provide responsive documents leaving no apparent dispute for the court to resolve.  **See** Filing No. 38, Exhibit 7 at p. 10-11; Filing No. 40, Brief at p. 18.  The court will evaluate the remaining requests below.  There are three categories of requests:  account specific requests related to the plaintiff's account; general account requests directed toward discovery of issues for all of the proposed class; and non-account related requests.  The defendants seek to limit discovery of the general requests and the account specific requests to the plaintiff's three trades explicitly described in the complaint. The defendants refused to produce discovery responsive to the non-account requests.

1.  **Plaintiff's Account Requests**

Request for Production No. 6 seeks "[a]ll documents that comprise, reflect or refer to communications by any Defendant with Plaintiff Telco."  **See** Filing No. 38, Exhibit F at p. 6.  Similarly, Request for Production No. 8 seeks "[a]ll documents that comprise, reflect or refer to trades made or requested to be made by Plaintiff Telco or complaints made by Plaintiff Telco regarding the execution of Plaintiff's trades."  *Id.* at p. 7.  The defendants assert objections based on over breadth, undue burden, relevance and that the information is unnecessary to a class certification determination.  *Id.* at 6.  Additionally, the defendants contend the term "execution" is vague and ambiguous, but agreed to produce responsive documents "that reflect or refer to the three trades identified in Plaintiff's Complaint."  *Id.* at 6-7.

Also, related to the plaintiff's specific account, Request for Production No. 10 seeks all documents related to the trades referenced in paragraphs 36 through 41 of the complaint and Request for Production No. 11 seeks all documents that relate to the cancellation orders placed by the plaintiff, referenced in paragraph 42 of the complaint. **See** Filing No. 38, Exhibit F at p. 8. Request for Production No. 12 seeks "[a]ll documents that relate to the best execution price and time for each of Plaintiff Telco's trades made in January 2004." *Id.* Request for Production No. 16 seeks documents related to the plaintiff's "placing any 'market on close' orders in January 2004." *Id.* at p. 10. Request for Production No. 18 seeks, "[a]ll documents that relate to the Ameritrade Defendants' allegations contained in paragraphs 2 through 18 of the Answer." **See** Filing No. 38, Exhibit F at p. 11. In response to Requests for Production Nos. 10-12, 16 and 18, the defendants lodged the same objections as to the previous requests, but stated either they would produce the responsive documents or that no responsive documents exist specifically related to the three trades identified in the complaint. *Id.* at 8-11.

The defendants argue discovery related to the three trades listed in the complaint is the only discovery necessary to determine the class certification issue. The defendants contend that the need for more broad discovery only proves the case is not suited for class action treatment because the proof is trade-specific. The defendants state proof that each challenged trade was not executed reasonably would turn on the facts and circumstances surrounding the particular trade. The defendants allege the issue of whether the defendants failed to comply with a customer's cancellation order would also necessarily be individualized in nature. **See** Filing No. 40, Brief at 16-17. Therefore, the defendants contend that since the basis of the plaintiff's claims require individualized analysis of particularized evidence for proof, class certification is inappropriate and the plaintiff is not entitled to discovery. Finally, the defendants state they have no evidence the plaintiff placed cancellation orders with regard to the three trades listed in the complaint. *Id.* at p. 16.

The plaintiff argues discovery should not be limited to the three trades described in the complaint because the plaintiff has no duty to plead all trades with particularity. Additionally, the plaintiff contends discovery should not be limited to issues more narrow

than the complaint. The plaintiff alleged in the complaint that other trades occurred, but did not identify them. **See** Filing No. 1, Complaint ¶ 41. Further, the plaintiff asserts "it is undisputable that much of the discovery requested goes directly to the issue of identifying systemic class-wide problems which are susceptible to class action treatment, as well as uncovering information which would allow the Plaintiff to respond with factual basis for its class claims. See, e.g., Request Nos. 1-3, 5, 7 and 13." **See** Filing No. 38, Brief at p. 7.

The court will not, at this time, determine whether the plaintiff can ultimately prevail on its claims or whether class certification is appropriate. However, the court finds discovery related to the plaintiff's account is relevant to one or more of the class certification issues. The plaintiff should have the opportunity to obtain evidence which tends to show the fact of, and reasons behind, the alleged failures occasioned by the defendants' conduct. The defendants contend the circumstances surrounding the three trades listed in the complaint will not support a class action, however the plaintiff is entitled to discovery beyond the defendants' explanation of such circumstances.

It is clear the merits discovery and discovery for the class certification issue overlap as to the plaintiff. **See *Larson v. Burlington N. & Santa Fe R. Co.*** , 210 F. R. D. 663, 665 (holding Fed. R. Civ. P. 1 best implemented by completing discovery as to named plaintiffs). To this end, there is no principled reason to limit such discovery to the three trades described in the complaint. To do so would only invite an amended complaint listing every transaction between the plaintiff and the defendants, which would merely delay the action. Further, a listing of each transaction in the complaint is unnecessary for the purpose of discovery, as relevant discovery extends to any matter that could bear on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case. This clearly encompasses the transactions referenced, but not detailed in the complaint. Accordingly, the defendants shall supplement their responses to Request for Production Nos. 6, 8, 10-12, 16 and 18, to include responsive documents about all of the plaintiff's account activity.

**2.    General Account Requests**

Request for Production Nos. 1-2 seek "[a]ll documents that comprise, reflect or refer to the Ameritrade Defendants' polices or practices regarding best execution" and "on effectuating a customer's cancellation order." **See** Filing No. 38, Exhibit F at p. 4.  Among other objections, the defendants contend the requests seek "information unnecessary to a class certification determination."  *Id.* p. 4-5.  However, the defendants provided responsive documents "at the time of the three trades identified in Plaintiff's Complaint." *Id.*  Further, the defendants state they do not intend to dispute class certification on the basis that their policies changed over time.  **See** Filing No. 40, Brief at p. 14.

Request for Production No. 3 seeks "[a]ll documents that comprise, reflect or refer to any review, analysis, inquiry or explanation of execution delays during the period January 1, 2000 to the present."  **See** Filing No. 38, Exhibit F at p. 5.  Similarly, Request for Production No. 4 seeks the same documents as in Request for Production No. 3, but those associated with the plaintiff's account.  *Id.*  The defendants responded:

> Defendants object to [these requests] because [they are] overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of relevant evidence.  Defendants further object to [these requests] because [they] seek[ ] information unnecessary to a class certification determination.  Defendants also object to [these requests] because the term "execution delays" is vague and ambiguous.  Without waiving and subject to Defendants' objections, Defendants will produce documents that reflect review, analysis, inquiry, or explanation of the time for processing and execution of the three trades identified in Plaintiff's Complaint.

*Id.* at p. 5-6.  The defendants state there is no maximum execution time for best execution, rendering the term "execution delays" meaningless.  **See** Filing No. 40, Brief at p. 14.

Request for Production No. 5 seeks:

> All documents that comprise, reflect or refer to any report, analysis or inquiring concerning any computer malfunction during the period April 1, 2000 through the present which resulted in the failure to process trades for any period in excess of ten minutes.

**See** Filing No. 38, Exhibit F at p. 6. Among other objections to this request, the defendants contend the requests seek "information unnecessary to a class certification determination." *Id.* at p. 6. Further, the defendants state "they are aware of no such computer malfunctions that affected the three trades identified in Plaintiff's Complaint." *Id.* The defendants contend the three trades described in the complaint did not suffer from a delay due to a computer malfunction, nor did the three trades suffer from a delay of ten or more minutes. **See** Filing No. 40, Brief at p. 14. Therefore, the defendants argue the plaintiff could not represent a class of customers affected by such computer malfunction. *Id.*

Request for Production No. 13 seeks "[a]ll documents that reflect or refer to Defendants' ability to meet their duty of best execution for account holders in the period January 1, 2000 to the present." **See** Filing No. 38, Exhibit F at p. 8. The defendants assert objections based on over breadth, undue burden, relevance and that the information is unnecessary to a class certification determination. *Id.* Additionally, the defendants contend the request is vague and ambiguous, but agreed to produce responsive documents related to the three trades listed in the complaint. *Id.*

Generally, the defendants contend there is no reason to go beyond discovery related to the three trades explicitly described in the complaint in order to assess whether individual or common issues predominate in this lawsuit. The defendants also argue discovery regarding "millions of customer accounts would be redundant, extraordinarily costly, and unreasonably burdensome." **See** Filing No. 40, Brief at p. 14.

For the reasons stated above, the plaintiff will be allowed to obtain responsive discovery related to all of its own account activity. However, the plaintiff has failed to show any causal link between identifiable wrongful treatment of its account and class claims, that is wrongful conduct which could have been applied in common with other of the defendants' account holders. Therefore, the plaintiff should not be allowed extended discovery because it has presented no evidence to warrant a conclusion that extended discovery is reasonably likely to yield support for the class allegations which have been made. **See *Tracy***, 185 F.R.D. at 305, 311-12 (holding plaintiffs must demonstrate that 'there is some factual basis for plaintiffs' claims of classwide discrimination) (**citing *Severtson***, 137 F.R.D. at 267; ***Mantolete***, 767 F.2d at 1424). Additionally, the extended discovery sought by the plaintiff

would result in undue prejudice to the defendants.  **See** *id.*  Accordingly, the defendants shall supplement their responses to Request for Production Nos. 1-5 and 13, to include responsive documents relevant to all of the plaintiff's account activity and for the time period encompassing the plaintiff's association with the defendants.

### 3.     **Non-Account Requests**

Request for Production No. 7 seeks "[a]ll documents that relate to any SEC, NASD regulatory investigations against any of the Ameritrade Defendants regarding execution." **See** Filing No. 38, Exhibit F at p. 7.  The defendants assert objections based on over breadth, undue burden, relevance and that the information is unnecessary to a class certification determination.  *Id.*  Additionally, the defendants contend the term "execution" is vague and ambiguous.  *Id.*  The defendants also argue information about any regulatory investigations would not impact the nature evidence needed for the plaintiff to show class certification was appropriate.  Also, the defendants state none of the three trades listed in the complaint were subject to a regulatory investigation.  **See** Filing No. 40, Brief at p. 15.

Request for Production No. 14 seeks

> All documents that comprise, reflect or refer to the basis for any claim made by Ameritrade on its website regarding "client execution time" and the "common execution time" in the period January 1, 2000 to the present.

**See** Filing No. 38, Exhibit F at p. 8.  Similarly, Request for Production No. 19 seeks "[a]ll documents which comprise, reflect or refer to the calculation or determination by Ameritrade Defendants or any other entity of the trade speed statistics provided on the Ameritrade website." *Id.* at 11.  The defendants assert objections based on over breadth, undue burden, relevance and that the information is unnecessary to a class certification determination. *Id.* at p. 9, 11. Additionally, the defendants object to Request for Production No. 19 because it is vague and ambiguous.  *Id.* at p. 12.  The defendants contend the averages listed on the website have no bearing on whether any particular trade received best execution under the applicable legal standards.  **See** Filing No. 40, Brief at p. 17.

The plaintiff has failed to show the potential relevance to one or more of the class certification issues of Request for Production Nos. 7, 14 and 19.  Therefore, the defendants

will not be compelled to supplement their responses to Request for Production Nos. 7, 14 and 19, at this time.

4.  **Sanctions**

Upon reviewing the circumstances of this case, finding the motion to compel was warranted as to some of the documents sought, and finding some of the objections were substantially justified,[2] the court finds sanctions should not be imposed in this matter. The defendants asserted legitimate reasons for several of the objections they lodged, though not all were found to be supportable. Thus, the court finds the defendants have shown substantial justification for their position as to the discovery responses addressed herein. **See** Fed. R. Civ. P. 37(a)(4)(A). Furthermore, because the motion was granted in part and denied in part, the court is not required to apportion attorney fees or expenses between the parties. **See** Fed. R. Civ. P. 37(a)(4)(C) (noting the court *may* apportion expenses incurred between the parties when a motion to compel is granted in part and denied in part). Under the circumstances, the court does not find the imposition of sanctions to be warranted and will not assess sanctions against either party with regard to the instant discovery dispute. Upon consideration,

**IT IS ORDERED:**

1.  The plaintiff's Motion to Compel Production of Documents (Filing No. 38) is granted as set forth below, and denied in all other respects.

    a.  The defendants shall supplement their responses to Request for Production Nos. 6, 8, 10-12, 16 and 18, to include responsive documents about all of the plaintiff's account activity.

    b.  The defendants shall supplement their responses to Request for Production Nos. 1-5 and 13, to include responsive documents relevant

---

[2]The provisions of Rule 37(a)(4) provide that sanctions may not be appropriate where a motion was substantially justified. "Making a motion, or opposing a motion, is 'substantially justified' if the motion raised an issue about which reasonable people could genuinely differ on whether a party was bound to comply with a discovery rule." Charles A. Wright, et al., *Federal Practice and Procedure* § 2288 (2d ed. 1994).

to all of the plaintiff's account activity and for the time period encompassing the plaintiff's association with the defendants.

2. The defendants shall have to **on or before March 24, 2006**, to supplement their responses to the Requests for Production.

3. The plaintiff shall have to **on or before April 17, 2006**, to file a motion for class certification.

## ADMONITION

Pursuant to NECivR 72.2 any appeal of this Order shall be filed with the Clerk of the Court within ten (10) days after being served with a copy of this Order. Failure to timely appeal may constitute a waiver of any objection to the Order. The brief in support of any appeal shall be filed at the time of filing such appeal. Failure to file a brief in support of any appeal may be deemed an abandonment of the appeal.

DATED this 6th day of March, 2006.

BY THE COURT:

 s/Thomas D. Thalken
 United States Magistrate Judge